Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RODNEY MOTT, and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>TRINITY FINANCIAL SERVICES, LLC, and TRINITY RECOVERY SERVICES, LLC,<br><br>Defendants. | Case No. 2:17-cv-01754-RFB-GWF<br><br>**PLAINTIFFS' MOTION TO SEAL EXHBIITS B-15 AND B-16 TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Plaintiff Rodney Mott ("Plaintiff") moves under Nevada Local Rule 10-5 and Federal Rule of Civil Procedure 5.2 for leave to file the motion and exhibits to his Motion for Summary Judgment ("Motion") under seal or redacted in part, as described below.

### BACKGROUND[1]

On September 28, 2017, the Court granted the parties' stipulated protective order.[2] During

---

[1] Pursuant to the District of Nevada local rule IC 6-1, certain additional exhibits have also been redacted.

[2] ECF Dkt. 11.

- 1 -

discovery in this case, Plaintiff produced documents pursuant to a subpoena to Dreambuilder Investments, LLC ("DBI") which DBI designated as "confidential" as included in this motion at Exhibits B-15 and B-16. Additionally, redactions per Local Rule IC 6-1 have been made to Exhibit B-5, B-7, C and C-1 – C-7.

## MEMORANDUM OF POINTS AND AUTHORITIES

While courts recognize a general right to "inspect and copy public records and documents, including judicial records and documents,"[3] access to judicial records is not absolute.[4] "[T]he court may order that a filing be made under seal without redaction."[5] To seal documents attached to a motion for summary judgment, a party must demonstrate a compelling reason to prevent disclosure,[6] which can occur when public records "become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."[7] Protection is subject to a sliding scale; in the context of dispositive motions, the movant must show "compelling reasons" for sealing judicial records.[8]

Plaintiff seeks to seal the following exhibits:

| Exhibit No. | Description |
|---|---|
| B-15 | Excerpts of Record Return from Dreambuilder: May 13, 2015 Agreement Between Trinity Financial and Stelis (Sealed) |
| B-16 | Excerpts of Record Return from Dreambuilder: Emails Between Trinity and Land Home Financial Services (Sealed) |

Both of these exhibits were produced by a third party, Dreambuilder Investments, LLC ("DBI") pursuant to a subpoena, and have been marked "confidential" per the Court's protective order. Review of these documents indicates that they are internal business documents and communications regarding its business. Plaintiff submits that compelling reasons for sealing of these documents from third-party DBI are met.

---

[3] *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 n.7 (1978).
[4] *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).
[5] Fed. R. Civ. P. 5.2(d).
[6] *Kamakana*, 447 F.3d at 1178-79; *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092 (9th Cir. 2016).
[7] *Kamakana*, 447 F.3d at 1178-79; *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).
[8] *See Kamakana*, 447 F.3d at 1179-1180.

Additionally, DBI produced these records with certain redactions in place, which its Custodian of Records Declaration indicated additional authority would be necessary to un-redact. Plaintiff produces these records as they were received in discovery.

Finally, and while not part of the motion to seal, Plaintiff notes that **Exhibits B-5, B-7, C, and C-1 through C-7** has included limited redactions of information pursuant to the U.S. District Court's Local Rule IC 6-1 because these pages contain personal identifiers for individuals which fall within the Rule.

## CONCLUSION

For the above reasons, Plaintiff submits that a copy of the Motion and certain exhibits of his Motion for Summary Judgment under seal and requests that the motion be granted.

Dated: August 10, 2018

Respectfully submitted,

*/s/ Miles N. Clark*
Matthew I. Knepper, Esq.
Miles N. Clark, Esq.
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Ste. 170-109
Las Vegas, NV 89129

David H. Krieger, Esq.
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2018, and pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing **PLAINTIFFS' MOTION TO SEAL EXHBIITS B-15 AND B-16 TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** was served via the U.S. District Court's electronic filing system to all individuals entitled to receive service thereon.

/s/ *Lucille Chiusano*
An employee of KNEPPER & CLARK LLC