# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RODNEY MOTT, | Case No. 2:17-cv-01754-RFB-GWF |
| Plaintiff, | |
| v. | **ORDER** |
| TRINITY FINANCIAL SERVICES, LLC, AND TRINITY RECOVERY SERVICES, LLC, | |
| Defendants. | |

## I. INTRODUCTION

Before the Court are Plaintiff's Motion for Sanctions (ECF No. 27), Motion for Partial Summary Judgment (ECF No. 28), Motion to Seal (ECF No. 30), and Motion to Strike (ECF No. 42). For the reasons stated below, Plaintiff's Motion for Sanctions is granted in part and denied in part, and Plaintiff's Motion for Partial Summary Judgment, Motion to Seal, and Motion to Strike are denied.

## II. PROCEDURAL BACKGROUND

On June 26, 2017, Plaintiff filed a Complaint with Jury Demand against Trinity Financial Services, LLC and Trinity Recovery Services, LLC, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). ECF No. 1. Each Defendant filed an Answer on August 4, 2017. ECF Nos. 4, 5. On September 18, 2017, Plaintiff sought leave to file an amended complaint. ECF No. 8.

The Court entered a scheduling order on October 10, 2017. ECF No. 17. Discovery closed on July 11, 2018. ECF No. 26.

On August 10, 2018, Plaintiff filed the instant Motion for Sanctions, Motion for Partial Summary Judgment, and Motion to Seal. ECF Nos. 27, 28, 30. On September 27, 2018, the Court denied Plaintiff's Motion for Leave to File Amended Complaint, which sought to pursue the claim on a class-wide basis, on grounds of futility. ECF No. 38.

On October 5, 2018, Plaintiff filed the instant Motion to Strike, which also served as a Reply to his Motion for Partial Summary Judgment. ECF No. 42. On October 25, 2018, Plaintiff filed notice that Defendants had not filed an opposition regarding his Motion to Strike. ECF No. 43. Defendants filed a declaration denying that Plaintiff's filing constituted a Motion to Strike. ECF No. 44.

### III. UNDISPUTED FACTS

The Court finds the following facts to be undisputed.

Plaintiff incurred a debt in December 2005 to First Franklin Loan Services, which was secured by a deed of trust encumbering his home in Las Vegas. In 2007 the debt was split into senior and junior portions, with First Franklin Loan Services retaining the junior portion. Plaintiff alleges that his debt was forgiven and cancelled in full in June 2009.[1] Plaintiff did not subsequently enter any new credit relationships with First Franklin Loan Services.

---

[1] Defendants contend that Plaintiff's declaration in support of the alleged debt forgiveness is self-serving and inadmissible. However, Defendants lack any contrary evidence to dispute this alleged fact.

The Court acknowledges that Plaintiff's declaration is self-serving and fails to provide a reason as to why First Franklin allegedly fully forgave Plaintiff's outstanding balance of $293,318.39 in June 2009. But the Court finds that this fact is not material. As explained in the discussion regarding the partial motion for summary judgment below, the material fact is whether Defendants had a reason to believe that the debt persisted.

The Court notes, however, that it does not find any issue with the admissibility of Plaintiff's declaration. Specifically, the Court does not find that Plaintiff's declaration executed under penalty of perjury under the laws of the State of Nevada, as opposed to under the laws of the United States, renders it invalid at this stage. See Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents.").

In March 2015, Trinity Financial purchased Plaintiff's loan. Trinity Financial purchased approximately 159 other loans simultaneously.

On approximately April 15, 2015, Plaintiff received notice that the loan would be transferred to Trinity Financial Services, LLC effective April 30, 2015. On October 8, 2015, Plaintiff sent Trinity Financial a cease and desist letter. He requested that Trinity Financial cease and desist any attempts to collect the debt and asserted that he did not have a business contract with Trinity Financial. He warned that he would prosecute Trinity Financial's publishing of any derogatory information about him to any unauthorized third party.

On August 12, 2015, Plaintiff's loan was transferred from Trinity Financial to Trojan Capital Investments, LLC ("Trojan"). Trojan acquired over 75 loans total in this transaction. On approximately October 14, 2015, Plaintiff received notice that the loan would be transferred to Trojan effective October 30, 2015.

Upon accessing his reports from credit reporting agencies, Plaintiff discovered that Defendants made several pulls on his credit occurring before, during, and after Defendants' asserted financial relationship with Plaintiff from April 2015 to October 2015.

Specifically, Credco provided Trinity Financial and/or Trinity Recovery with Plaintiff's information from Experian on at least 14 occasions: on May 29, 2015; August 19, 2015; November 11, 2015; December 7, 2015; January 26, 2016; March 8, 2016; April 20, 2016; October 12, 2016; December 8, 2016; January 9, 2017; February 15, 2017; April 12, 2017; July 28, 2017; and November 20, 2017. Credco also provided Trinity Financial with Plaintiff's information from Trans Union on at least six occasions: February 25, 2015; August 19, 2015; September 24, 2015; November 2, 2015; November 11, 2015; and January 19, 2016. Trinity Financial also apparently pulled Plaintiff's credit report directly from Trans Union on September 20, 2016, January 3, 2017, and February 1, 2017.

Trinity Financial additionally requested Plaintiff's credit information from Trans Union LLC on November 11, 2015; September 9, 2015; August 19, 2015; February 25, 2015; and January 19, 2016.

///

Plaintiff's credit report from Experian Information Solutions, Inc. lists soft pulls from Trinity Financial and/or Trinity Recovery on the following dates: February 26, 2015; April 1, 2015; May 29, 2015; August 19, 2015; November 11, 2015; May 29, 2015; December 7, 2015; January 26, 2016; March 8, 2016; April 20, 2016; June 6, 2016; October 12, 2016; December 8, 2016; and January 9, 2017.

**IV. DISPUTED FACTS**

The parties dispute whether Defendants had an authorized purpose under 15 U.S.C. § 1681b(f) to obtain Plaintiff's credit report.

**V. LEGAL STANDARDS**

**A. Motion for Summary Judgment**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014).

If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (quotation marks omitted).

**B. The Fair Credit Reporting Act**

"Congress enacted the Fair Credit Reporting Act ('FCRA'), 15 U.S.C. §§ 1681–1681x, in 1970 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th

Cir. 2009) (quoting Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007)). "As an important means to this end, the Act sought to make 'consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy.'" Id. (alteration in original) (quoting 15 U.S.C. § 1681(a)(4)).

Under the FCRA, a consumer report may only be obtained for an authorized purpose. 15 U.S.C. § 1681b(f)(1). The FCRA imposes liability for willful or negligent noncompliance with this requirement. 15 U.S.C. §§ 1681n & 1681*o*; see also Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059–60 (9th Cir. 2002) ("That with these words Congress created a private right of action for consumers cannot be doubted. That right is to sue for violation of any requirement 'imposed with respect to any consumer.'"). 15 U.S.C. § 1681b(3) permits disclosures of consumer reports, in relevant part:

> to a person which [the reporting agency] has reason to believe:
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
> . . .
> (F) otherwise has a legitimate business need for the information—
> (i) in connection with a business transaction that is initiated by the consumer; or
> (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

15 U.S.C. § 1681a(d) creates certain exceptions to the permissible disclosure requirements at § 1681b. See 15 U.S.C. § 1681a(d)(2)(A).

### C. Motion for Sanctions

"Courts need not tolerate flagrant abuses of the discovery process." Campbell Indus. v. M/V Gemini, 619 F.2d 24, 27 (9th Cir. 1980). At the pre-trial stage, a district court can impose case-dispositive sanctions for discovery abuses under Federal Rule of Civil Procedure 37, which states: "[i]f a party ... fails to obey an order to provide or permit discovery," the court may, *inter alia*, "render default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). The Ninth Circuit has held that "belated compliance with discovery orders does not preclude the

imposition of sanctions." Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam)). Under FRCP 37(b), if a party fails to obey an order to provide or permit discovery, including an order under Rule 26(f), then the court where the action is pending may issue "further just orders," and may "dismiss the action or proceeding in whole or part." Fed. R. Civ. P. 37(b)(2)(A)(v).

Because default judgment is a harsh penalty, "the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Porter v. Martinez, 941 F.2d 732, 733 (9th Cir. 1991) (internal quotations omitted). The key factors are prejudice to the party seeking sanctions and the availability of lesser sanctions. Henry v. Gill Indus., 983 F.2d 943, 948 (9th Cir. 1993) (quoting Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990). These factors, however, "are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (citation and internal quotations omitted); see also Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006) (noting that the district court need not make explicit findings as to each factor and upholding a terminating sanction where the court only considered the plaintiff's level of culpability, the prejudice suffered, and the availability of lesser sanctions).

**D. Motion to Seal**

Courts have long recognized "a general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978) (quotation marks omitted). However, this right is not absolute. Id. There is a "strong presumption in favor of access" to dispositive motions or their attachments, and a party seeking to seal such document bears the burden of overcoming this presumption by providing a compelling and fact-based reason for the document to be sealed. Id. (citations and quotation marks omitted).

"[I]f the court decides to seal certain judicial records [attached to dispositive motions], it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. at 1179 (citation and quotation marks omitted). Compelling reasons for sealing judicial records include protection against the release of trade secrets. Id. (citation omitted).

### E. Motion to Strike

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Further, district courts have inherent power to control their own dockets, including the power "to determine what appears in the court's records" and to strike items from the docket to address conduct that is improper but does not warrant dismissal. Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404–05 (9th Cir.2010).

### VI. DISCUSSION

#### A. Motion for Partial Summary Judgment

Plaintiff argues that, because his loan obligation was forgiven in 2009, Defendants could not have had a permissible purpose to pull his credit. Defendants respond that they purchased the note and deed of trust absent knowledge of illegality or fraud. Allegedly believing the notes and deed of trust to be legitimate assets, Defendants argue they possessed a legitimate business purpose in monitoring Plaintiff's credit.

What remains disputed, therefore, is whether Defendants had "reason to believe" that they possessed "a legitimate business need" for the requested information. 15 U.S.C. § 1681b(3). If Plaintiff's credit was requested while Defendants had a reason to believe that Plaintiff possessed the underlying debt, Defendants cannot be liable. If, however, Plaintiff can show that Defendants willfully or negligently requested the information absent such a reasonable belief, Plaintiff prevails.

The Court finds that it cannot resolve this disputed question of material fact. Plaintiff points to evidence that Defendants set up a shell game of corporate entities to acquire Plaintiff's loan, among others, absent any reason to believe that the loan persisted. Plaintiff argues that it

appears from the redacted purchasing contract that Trinity Financial paid less than $10,000 to acquire what it allegedly believed was a $300,000 interest, suggesting that it did not purchase the loan in good faith. Defendants respond with a declaration by Don A. Madden, president of Defendants, stating that Defendants received the original signed loan note and original signed second deed of trust with respect to the underlying property upon purchasing Plaintiff's debt. Madden further testifies that Defendants' legitimate business purpose in accessing Plaintiff's credit reports was first to evaluate the assets they considered purchasing and then, post-purchase, to monitor the assets. Viewed in the light most favorable to non-moving Defendants, receipt of the loan and second deed of trust could constitute a reason to believe that the underlying debt persisted. The Court defers to a jury to weigh this conflicting evidence.

Plaintiff argues that even if Defendants had reason to believe they could pull Plaintiffs' credit until October 2015, there could be no reason to believe Defendants had a legitimate business purpose in continuing to monitor Plaintiff's credit throughout 2016 and 2017 after transferring the loan to Trojan. While Defendants allege that those credit pulls were conducted on behalf of Trojan at Trojan's request, Plaintiff argues that such conduct is unlawful because no 15 U.S.C. § 1681a(d)(2)(A) exceptions apply, as Plaintiff specifically stated in his October 2015 cease and desist letter that Defendants lacked a business relationship with Plaintiff and did not have permission to share his information with third parties. However, 15 U.S.C. § 1681a(d)(2)(A)(ii) provides an exception, absent consumer knowledge or consent, where the communication is "among persons related by common ownership or affiliated by corporate control." Because Defendants and Trojan are commonly owned by Don A. Madden, the Court finds that an exception could apply as to Defendants regarding Defendants' communication of credit information to Trojan. Whether Defendants had a reason to believe that the underlying debt was valid, such that Defendants had a legitimate business purpose in pulling Plaintiff's credit information for Trojan, remains subject to dispute.

**B. Motion for Sanctions**

Plaintiff seeks case-terminating sanctions as a result of Defendants' failure to attend their

depositions. Defendants do not dispute that they failed to attend the depositions but contest the propriety of terminating sanctions.

The parties do not dispute the following facts related to the scheduled depositions. Plaintiff noticed Defendants' depositions in this case on March 20, 2018. On April 25, 2018, Defendants notified Plaintiff that Defendants' representative pursuant to Rule 30(b)(6), Don A. Madden, was recovering from a medical procedure. On May 25, 2018, the parties stipulated to extend time for Madden to recover. On June 5, 2018, Plaintiff served amended notices for depositions scheduled for June 29, 2018. Defendants indicated they would not participate. On June 29, 2018, no representative for Defendants appeared. Plaintiff emailed Defendants seeking to stipulate to late depositions but received no response. Only after Plaintiff filed his Motion for Sanctions did Defendants seek to produce Madden for depositions, suggesting the week of September 17, 2018. Plaintiff declined to withdraw his motion or select a date for the depositions.

The Court declines to enter default judgment in this case because it finds that lesser sanctions are available that will not unduly prejudice Plaintiff. Public policy favors decisions on the merits, and since Plaintiff's filing, Defendants have expressed a willingness to participate in depositions. The Court therefore finds that it is appropriate to extend the discovery deadline to permit Plaintiff to take Defendants' depositions.

However, the Court does find that the Defendants inexcusable evasion of the taking of depositions and failure to communicate with Plaintiff warrants sanctions. This inexcusable conduct by the Defendants led to wasteful and unnecessary motion practice and complication of the issues before this Court on the dispositive motions. The Court therefore finds that it is appropriate to award reasonable costs and attorneys' fees incurred regarding the instant Motion for Sanctions to Plaintiff, the preparation of submissions for the Motion for Summary Judgment, the preparation for the Motion to Strike as well as the preparation for the unsuccessful deposition settings. Plaintiff shall submit a motion for an award of fees and costs consistent with this order. The Court warns that Defendants' failure to appear a second time could result in the imposition of case-dispositive sanctions. The Court also orders that all costs and attorneys' fees associated with the rescheduled depositions will also be entirely borne by Defendants.

**C. Motion to Seal**

Plaintiff seeks to seal Exhibits B-15 and B-16 from his Motion for Partial Summary Judgment. Both exhibits were produced by third party Dreambuilder Investments, LLC pursuant to a subpoena. Defendants have not filed an opposition to Plaintiff's Motion to Seal.

Exhibit B-15 is a redacted March 13, 2015 agreement between Trinity Financial and Stelis, LLC for the purchase of Plaintiff's debt. Exhibit B-16 is an email exchange between Trinity Financial and Land Home Financial Services. Plaintiff proffers that these documents merit sealing because they are internal business documents. However, business documents remain subject to the presumption in favor of access. The Court finds that Plaintiff fails to provide a compelling and fact-based reason these documents should be sealed. Kamakana, 447 F.3d at 1178. Upon review of the documents, the Court can identify no compelling reason meriting seal. Therefore, the motion to seal is denied without prejudice.

**D. Motion to Strike**

As a preliminary matter, Defendants contest whether Plaintiff has properly filed a motion to strike at all. ECF No. 44. The Court finds that Plaintiff has properly done so. Local rules require that separate documents be filed for each relief requested, with the appropriate event selected for each document. LR IC 2-2(b). Two separate documents seeking two forms of relief may be substantively identical, and such filings are routinely accepted and considered by this Court. Plaintiff's document was plainly titled "Reply in Support of Motion for Partial Summary Judgment and Motion to Strike Declaration of Don A. Madden," and contained distinct and clearly labeled arguments addressing each form of relief sought. Plaintiff filed the document twice, both as a Reply, ECF No. 41, and as a Motion to Strike, ECF No. 42, with the appropriate events selected pursuant to the applicable local rule.

Because Plaintiff's filing of the Motion to Strike was compliant with local rules and accepted by the Clerk's office, the Court finds that Defendants have failed to contest the motion. However, while LR 7-2(d) empowers the Court to consider Defendants' failure to file a response a consent to the granting of the motion, the Court will consider the motion on its merits in light of Defendants' evident misunderstanding.

Plaintiff seeks to strike the declaration of Don A. Madden provided by Defendants in support of their response to Plaintiff's motion for partial summary judgment. Plaintiff argues that this declaration should be stricken because Madden failed to appear as Defendants' Rule 30(b)(6) designee for the scheduled declaration as described above.

The Court declines to strike Madden's declaration at this time. The Court has already imposed the appropriate sanction of costs and attorneys' fees for Defendants' failure to appear, discussed above, and has ordered an extension of the discovery deadline to permit the depositions. While Plaintiff argues that "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony," Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991), at this time the Court has no reason to believe that Defendants' deposition testimony will contradict Madden's declaration. The Court therefore denies the motion without prejudice. If the future depositions yield different or new information, the Plaintiff may seek leave from the Court to file a supplemental motion for summary judgment with the costs paid for by Defendants.

**VII. CONCLUSION**

Accordingly,

**IT IS ORDERED** that Rodney Mott's Motion for Partial Summary Judgment (ECF No. 28) is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Sanctions (ECF No. 27) is GRANTED in part and DENIED in part. Plaintiff is awarded reasonable costs and attorneys' fees incurred as noted in this order. Plaintiff shall submit a motion for such costs and fees by May 10, 2019.

**IT IS FURTHER ORDERED** that the discovery deadline is extended to April 26, 2019 to permit the depositions of representatives of Trinity Financial Services, LLC and Trinity Recovery Services, LLC, but case-dispositive sanctions are denied. The attorneys' fees and costs associated with the rescheduled depositions will be entirely borne by Trinity Financial Services, LLC and Trinity Recovery Services, LLC.

**IT IS FURTHER ORDERED** that the Motion to Seal (ECF No. 30) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that the Motion to Strike (ECF No. 42) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that the parties are directed to submit a Joint Pretrial Order by May 10, 2019. There shall be no further dispositive motion practice in this case without leave of the Court.

DATED: March 21, 2019.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**