UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Mott,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Trinity Financial Services, LLC et al,<br><br>　　　　　　　　　Defendants. | Case No. 2:17-cv-01754-RFB-EJY<br><br>ORDER |

## I.　　INTRODUCTION

Before the Court are Plaintiff's Motion for Attorneys' Fees (ECF No. 55), Motion for Leave to File Supplemental Motion for Summary Judgment (ECF No. 60), Motion for Sanctions (ECF No. 61), Second Motion to Strike Declaration (ECF No. 62), Defendants' Stipulation for Extension of Time (ECF No. 64), and Plaintiff's Motion for Attorneys' Fees (ECF No. 77).

## II.　　PROCEDURAL BACKGROUND

Plaintiff filed the complaint in this action on June 26, 2017, against Defendants Trinity Financial Services, LLC and Trinity Recovery Services, LLC, asserting claims under the Fair Credit Reporting Act. ECF No. 1. On September 18, 2017, Plaintiff filed a Motion for Leave to File an Amended Complaint, ECF No. 8, which the Court denied on September 28, 2018, ECF No. 38.

Plaintiff filed a Motion for Sanctions and Motion for Partial Summary Judgment on August 10, 2018. ECF Nos. 27, 28. Plaintiff also filed a Motion to Strike the Declaration of one of Defendants' principals (ECF No. 37) in conjunction with its reply to the Motion for Partial Summary Judgment. ECF No. 42. The Court denied the Motion for Partial Summary Judgment,

granted and denied in part the Motion for Sanctions, and denied without prejudice the Motion to Strike on March 21, 2019. ECF No. 45.

Plaintiff filed the instant Motion for Attorneys' Fees on July 9, 2019, per the Court's order granting the Motion for Sanctions. ECF No. 55. Defendants responded on July 23, 2019, ECF No. 57, and Plaintiff replied on July 30, 2019, ECF No. 58.

On August 14, 2019, Plaintiff filed in the alternative the instant Motion for Leave to File Supplemental Motion for Summary Judgment, ECF No. 60, or Motion for Sanctions, ECF No. 61, or Renewed Motion to Strike Declaration, ECF No. 62. Defendants filed the instant Stipulation for Extension of Time to respond to the motions on August 28, 2019. ECF No. 64. Defendants responded on August 30, 2019, ECF No. 65, and Plaintiff replied on September 9, 2019, ECF Nos. 70, 71.

On September 11, 2019, Plaintiff filed a Notice of Acceptance of Offer of Judgment. ECF No. 74. Judgment was entered in favor of Plaintiff accordingly by the Clerk of Court on September 12, 2019. ECF No. 75. On September 26, 2019, Plaintiff filed the instant Motion for Attorneys' Fees pursuant to the judgment. ECF No. 76. Defendants responded on October 10, 2019, ECF No. 79, and Plaintiff replied on October 17, 2019, ECF No. 80.

### III.   FACTUAL BACKGROUND

The Court incorporates by reference its prior order in its entirety with regard to the underlying facts at issue in this dispute, as well as the procedural history of this case. See ECF No. 45 at 1-12.

### IV.   LEGAL STANDARD

Under the "American rule," attorney's fees may not be awarded absent statutory or contractual authorization, or a finding of bad faith. Alyeska Pipeline Serv. Co. v. Wilderness Soc., 421 U.S. 240, 257 (1975). Under a fee-shifting statute, the court 'must calculate awards for attorneys' fees using the 'lodestar' method[.]' " Staton v. Boeing Co., 327 F.3d 938, 965 (9th Cir. 2003) (citation omitted). To determine the Lodestar figure, the Court multiplies the number of hours reasonably expended on the case by the market rate "prevailing in the community for similar

services of lawyers of reasonably comparable skill and reputation." Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987). The burden is on the fee applicant to produce evidence that demonstrates that the requested hours and hourly rates are reasonable. Id. Factors the Court may consider in reducing the number of hours reasonably expended include inadequate documentation, overstaffing of the case, and the relative novelty and complexity of the issues raised. Cunningham v. County of Los Angeles, 879 F.2d 481, 484–85 (9th Cir. 1989) (citations omitted).

Once the Lodestar figure has been calculated, the Court then determines whether it is necessary to adjust this amount upwards or downwards based on the Kerr factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976). As the first five Kerr factors are subsumed by the Lodestar calculation, the later factors are the primary focus at this stage. Morales v. City of San Rafael, 96 F. 3d 359, 364, n.9 (9th Cir. 1996).

"When the district court makes its award, it must explain how it came up with the amount." Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008). "The explanation need not be elaborate, but it must be comprehensible." Id. "When the difference between the lawyer' request and the court's award is relatively small, a somewhat cursory explanation will suffice." Id. "But where the disparity is larger, a more specific articulation of the court's reasoning is expected." Id. "Nevertheless, the district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion without a more specific explanation." Id. at 1112.

### V. DISCUSSION

As an initial matter, given Plaintiff's acceptance of the Offer of Judgment, the Court denies as moot the Motion for Leave to File Supplemental Motion for Summary Judgment (ECF No. 60), Motion for Sanctions (ECF No. 61), and Renewed Motion to Strike (ECF No. 62). The Court grants Defendants' Stipulation for Extension of Time to respond to these motions, *nunc pro tunc*. The Court will therefore only consider the Motion for Attorneys' Fees filed pursuant to the Court's order (ECF No. 55) and the Motion for Attorneys' Fees filed pursuant to the judgment (ECF No. 77).

In its Motion for Attorneys' Fees pursuant to the Court's order, Plaintiff seeks $56,250.87—$49,860 in reasonable attorneys' fees and $6,390.87 in deposition costs. ECF No. 55 at 4. In its Motion for Attorneys' Fees pursuant to Judgment, Plaintiff seeks $48,780 in addition to those requested in the prior motion and submitted a Bill of Costs for $2,632.53, excluding costs identified in the prior motion. ECF No. 77 at 4. The Court in its prior order granted Plaintiff's Motion for Sanctions, awarding reasonable costs and attorneys' fees incurred in briefing that motion, the preparation of submissions for the Partial Motion for Summary Judgment, the preparation for the Motion to Strike as well as the preparation for the unsuccessful deposition sittings. ECF No. 45 at 9. The Court also ordered that all costs and attorneys' fees associated with the rescheduled depositions be entirely borne by Defendants. Id.

Defendants contest these figures, arguing counsel for Plaintiff's hourly rate should be reduced from $450 per hour to $290, that Plaintiff's requests for purely clerical tasks should be denied, that the motions include block billing and duplicative entries, and the amount requested should be substantially decreased for lack of success. ECF No. 57; ECF No. 79. Defendants assert a reasonable fee award pursuant to the prior motion should be $20,503.00 reduced by forty percent to $12,301.80 with costs of $6,390.87. They assert a reasonable fee award pursuant to judgment is $21,953.00, reduced by forty percent to $13,171.80.

Though both motions seek reasonable attorneys' fees and costs, they are subject to different legal analyses, because as stated *supra*, under the "American rule," attorney's fees may not be awarded absent statutory or contractual authorization, or a finding of bad faith. Alyeska Pipeline,

1  421 U.S. at 257. While Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to the
2  Court's prior order, the Court must first determine whether he is entitled as a prevailing plaintiff
3  to a broader award of attorneys' fees that includes all fees incurred as a consequence of litigating
4  the action as a whole. If he is, the Court's prior order awarding reasonable fees and costs is now
5  superfluous, as Plaintiff is entitled to those fees and costs anyway as a prevailing plaintiff. The
6  Court therefore begins with the latter Motion for Attorneys' Fees filed pursuant to the Offer of
7  Judgment.

8  Plaintiff asserts he is entitled to reasonable attorneys' fees and costs pursuant to Federal
9  Rule of Civil Procedure 54(d)(2), which permits a party to file a motion for attorneys' fees in
10 accordance with, *inter alia*, a statute that entitles the movant to such an award. Fed. R. Civ. P.
11 54(2)(B)(ii). Plaintiff's claims under the Fair Credit Reporting Act allow for costs and reasonable
12 attorneys' fees "in the case of any successful action to enforce any liability" for both willful and
13 negligent violations. See 15 U.S.C. § 1681n(a)(3) (permitting award for willful violations of the
14 statute); 15 U.S.C. § 1681o(a)(2) (permitting award for negligent violations of the statute). An
15 award to a successful plaintiff is mandatory. See Alyeska Pipeline, 421 U.S. at 261 n.34
16 (characterizing the Truth in Lending Act, 15 U.S.C. § 1640(a), which uses language identical to
17 the Fair Credit Reporting Act, as a "statute[] which [is] mandatory in terms of awarding attorney
18 fees . . . ."). The statute states that any person who negligently or willfully fails to comply with its
19 provisions "is liable" to the consumer for the costs of the action, "together with reasonable
20 attorneys' fees as determined by the court." Id.

21 "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they
22 succeed on any significant issue in litigation which achieves some of the benefit the parties sought
23 in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (internal quotations and citation
24 omitted). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the
25 legal relationship between the parties by modifying the defendant's behavior in a way that directly
26 benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111–12 (1992). "A party that wins only
27 nominal damages is a 'prevailing party' under the statute." Klein v. City of Laguna Beach, 810
28 F.3d 693, 698 (9th Cir. 2016) (citing Farrar, 506 U.S. at 112).

The Offer of Judgment accepted by Plaintiff "allow[ed] judgment to be taken in favor of" Plaintiff for the amount of $20,000, "exclusive of a separate award of attorney's fees and costs." ECF No. 74-1 at 3. Therefore, the amount awarded did not include reasonable attorneys' fees and costs. Defendants do not contest Plaintiff's entitlement to *some* amount of an award pursuant to the statute and therefore do not contest Plaintiff's contention that he is a prevailing plaintiff who has litigated a "successful action." The Court finds that Plaintiff is a "prevailing plaintiff," as the recovery of $20,000 pursuant to the Offer of Judgment materially altered the legal relationship between the parties by modifying Defendants' behavior in a way that benefits Plaintiff. Therefore, Plaintiff is entitled to reasonable attorneys' fees and costs under the statute and the Court will consider the figures cited by Plaintiff in both motions as a single fee.

"Once a party is found eligible for fees, the district court must then determine what fees are reasonable. Klein, 810 F.3d at 698 (citing Hensley, 461 U.S. at 433). To determine the Lodestar figure, the Court finds that the total number of hours expended on the case as calculated by Plaintiff is reasonable. Plaintiff's counsel states he spent a total of 219.3 hours litigating this case, see ECF No. 55-2 at 3 (calculating 110.8 hours); ECF No. 77-2 at 11 (calculating 108.5 hours), and notes that Defendants' own dilatory behavior regarding depositions contributed to excess work, as well as the large number of documents produced by Defendants and third parties in discovery. The Court does not agree with Defendant's characterization of some of the tasks Plaintiff has itemized as clerical, as tasks such as "reviewing" and "finalizing" drafts are necessary to effective motion practice. Nor does the Court find that the manner in which Plaintiff's counsel conducted the deposition of Defendants' principal witness was inappropriate. Further, the Court does not find that Plaintiff engaged in block billing, as it is reasonable to itemize together tasks such as "drafting, reviewing, and finalizing" particularly where the time spent was minimal. Additionally, the Court does not agree with Defendants that itemized legal research corresponding to motion practice is vague or ambiguous. Plaintiff's counsel did not need to specify precisely what he was researching; it is enough to indicate that the research was related to a particular motion, and 15.5 hours of total research conducted is not inherently unreasonable. With regard to Defendants' objections that Plaintiff has duplicated some entries or miscalculated others, Plaintiff concedes in reply that some

entries attached to the Motion for Attorneys' Fees pursuant to the judgment were miscalculated. ECF No. 80 at 4 n.8. Taking these miscalculations into account, Plaintiff's fee request should be decreased by $450. After review of the billing records attached to both motions however, the Court finds that the total number of hours expended on the case—219.3—is reasonable.

Regarding the market rate "prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation," the Court finds that Plaintiff's hourly rate of $450 is not an appropriate benchmark. Plaintiff attaches a nationwide report on market rates which indicates that the median rate in Nevada is $450, which is also the median rate for attorneys handling credit rights cases such as this one. ECF No. 55-4 at 42, 44. However, Defendants elucidate that Plaintiff has only practiced consumer law since 2016, and the report indicates the average hourly rate corresponding to this level of experience is $275. Id. at 45.  Plaintiff's counsel graduated from law school in 2011 and worked for several years as a law clerk before practicing commercial litigation and then consumer law upon founding his firm in 2016. ECF No. 55-1 at ¶¶ 8-11. The Court therefore finds that the prevailing market rate for an attorney with Plaintiff's counsel's experience is $350, based on the level of knowledge and expertise demonstrated in this litigation.

Multiplying the number of hours reasonably expended on the case by the market rate identified by the Court, and subtracting $450 for miscalculations, the Court finds the Lodestar figure is $76,305.

Turning to the Kerr factors, the Court finds it is necessary to adjust the Lodestar amount upwards by $6,435, which is the cost associated with briefing Plaintiff's Motion for Sanctions. See ECF No. 55-2 at 2. The Court finds that Defendants' sanctionable conduct increased the amount of time and effort involved in this case, resulting in additional motion practice. Regarding the other Kerr factors, the Court finds they do not warrant further adjustment of the Lodestar amount. Plaintiff's counsel states there were no time limits imposed by Plaintiff, and while the amount obtained pursuant to the Offer of Judgment was substantial, Plaintiff's Partial Motion for Summary Judgment was denied, indicating that the merits of the claims remain disputed, though the Court does not agree with Defendants that the outcome indicates a "lack of success" for Plaintiff in this

action. The Court will therefore award the full Lodestar amount in addition to an upward adjustment for a total fee award of $82,740.

Turning to the costs of the action, the Clerk of Court has already taxed costs in the amount of $2,632.53. ECF No. 81. Plaintiff indicates in the Motion for Attorneys' Fees pursuant to the judgment that this cost request was in addition to those deposition costs previously requested in the prior Motion for Attorneys' Fees. Deposition costs are taxable costs. D. Nev. Civ. R. 54-4. Plaintiff attaches invoices for court reporter fees, as well as transcripts, totaling $6,390.87. See ECF No. 55-3 at 2-5.  Defendant does not contest these costs. See ECF No. 57-1 at 2. The Court will therefore grant the request for these costs.

### VI.     CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Supplemental Motion for Summary Judgment (ECF No. 60), Motion for Sanctions (ECF No. 61), and Second Motion to Strike Declaration (ECF No. 62) are DENIED as moot.

**IT IS FURTHER ORDERED** that Defendants' Stipulation for Extension of Time (ECF No. 64) is GRANTED, *nunc pro tunc*.

**IT IS FURTHER ORDERED**  that Plaintiff's Motion for Partial Attorney's Fees Pursuant to Court Order (ECF No. 55) and Motion for Attorney's Fees Pursuant to Offer of Judgment (ECF No. 77) are **GRANTED** as discussed in this order. The Court awards attorneys' fees in the amount of $82,740 and costs in the amount of $6,390.87.

**IT IS FURTHER ORDERED** that Defendants shall disburse the amount awarded within fourteen (14) days of the date of this order.

DATED May 22, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**